UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

----------------------------------------------------------------

| | |
|---|---|
| In Re: | Bankruptcy 10-36751 |
| | Chapter 7 Case |
| Chantalle A. Terwey, | Adversary |
|     Debtor, | |
| Michael J. Iannacone, Trustee, | **COMPLAINT** |
|     Plaintiff, | |
| vs. | |
| LaVerne Terwey and Shirley Terwey, | |
|     Defendants. | |

----------------------------------------------------------------

Now comes forth Michael J. Iannacone for his Complaint states and alleges:

1. Plaintiff is the duly appointed, qualified and acting Trustee of the estate of the above named debtor.

2. That on September 15, 2010, Debtor filed a petition under Chapter 7 of Title 11 of the United States Code and the case is now pending in this court.

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, 11 U.S.C. §§ 541, 544, 550 and 551 and M.S.A. § 513.41(7)(i)(A) and (11), §§ 513.45 and 513.47. This is a core proceeding.

4. Defendants LaVerne Terwey and Shirley Terwey reside at 5740 - 131st St. W., Apple Valley, MN 55124 and may be served at such address. Defendants are the parents of the Debtor and insiders as that term is defined by M.S.A. §513.41(7)(i)(A) and (11).

5. That on various dates between January 16, 2007 and July 20, 2008, the Debtor transferred the total sum of $3,393.11 to the Defendants in part payment of a loan. These payments are hereinafter referred to as the "Transfers."

6. At the time of the Transfers, the Debtor was insolvent or, in the alternative, became insolvent because of the Transfers or obligation described herein.

7. That Defendants had reasonable cause to believe that the Debtor was insolvent.

8. The Transfers by the Debtor to the Defendants were on an antecedent debt.

9. Under 11 U.S.C. § 544, the bankruptcy trustee has the rights and powers of or may avoid any transfer of property of the Debtor or any obligation incurred by the Debtor that is voidable by:

   (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

   (2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists;

10. Pursuant to provisions of M.S.A. §§ 513.45 and 513.47, the Transfer is fraudulent as to creditors of the Debtor which existed at the time of the Transfers and may be recovered by the bankruptcy trustee as necessary to satisfy creditors' claims.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

a. In the amount of $3,393.11, plus pre-judgment interest and Plaintiff's costs and disbursements herein.

b. For such other and further relief as the Court deems just and equitable in the premises.

Dated: March 10, 2011

        __/e/ Michael J. Iannacone___
        Michael J. Iannacone, #48719
        Attorney for the Trustee
        8687 Eagle Point Blvd.
        Lake Elmo, MN  55042
        (651) 224-3361
        (651) 297-6187 Fax